**TAGGED OPINION**



**ORDERED in the Southern District of Florida on January 29, 2007.**

_____
**A. Jay Cristol, Judge
United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA**

In re:                                                                                          CASE NO. 04-19080-BKC-AJC

TOMAS MANRIQUE

    Debtor.
_____/
UNIVERSAL FINANCE OF MIAMI,                                   ADV. NO. 04-1660-BKC-AJC-A

    Plaintiff,

vs.

TOMAS MANRIQUE,

    Defendant.
_____/

**ORDER ON REMAND VACATING DEFAULT AND DEFAULT FINAL JUDGMENT
CONDITIONED UPON SATISFACTION OF SANCTION AWARD**

THIS CAUSE came before the Court for hearing on October 12, 2006 upon the Court's

*Order Setting Hearing on Remand* and upon the Plaintiff's *Motion to Amend Final Judgment of Non-*

*Dischargeability and Supporting Memorandum of Law.* This Court previously entered a default final

judgment against the Debtor for his having failed to comply with several orders of the Court directing compliance with discovery requests. On appeal, the U.S. District Court determined that the record established Debtor's wilful disregard and non-compliance with court orders to justify the imposition of sanctions, but the District Court remanded the case for further findings "regarding the sufficiency (or lack thereof) of lesser sanctions" than a default final judgment, which the District Court calls the "harshest of sanctions." In its motion to amend the final default judgment, the Plaintiff urges the Court to amend the final judgment to include findings that the Court did consider lesser sanctions, particularly that of a monetary sanction, but disregarded such sanctions as ineffective due to the Debtor's seeming inability to pay.

At the hearing, the Court took the matter under advisement and requested each party submit proposed orders in support of their respective positions. The Court also requested that Plaintiff's counsel submit an affidavit as to the time expended in connection with the Debtor's failure to comply with discovery. The Debtor submitted an order proposing to vacate the default and default final judgment, and the Plaintiff submitted an order granting its motion to amend the final judgment and denying the Debtor any relief. Plaintiff's counsel also filed an affidavit as to the time spent dealing with the Debtor's failure to comply with discovery beginning with the pretrial conference on May 11, 2005. The affidavit indicates that nearly $35,000.00 in time was expended by the Plaintiff, which amount includes time expended in the appeal of this matter.

The Court recalls this case against the Debtor as one where the Debtor proved to be unwilling, for whatever reason(s), to cooperate with discovery orders entered in this case. The record is replete with hearings at which discovery was sought and orders to compel were entered; however, the Debtor thwarted every effort of Plaintiff to obtain the requested discovery. At times it was the Debtor who handled, or rather avoided, discovery, and at other times the Debtor claims it was his

counsel who handled, or mishandled, discovery disclosures. The Court believes the Debtor's failure to comply with the ordered discovery was probably a result of both his and his counsel's misconduct.

Notwithstanding who was to blame for the Debtor's failure and refusal to comply with the Court's orders, the Plaintiff sought default as a sanction. Time and again the Debtor was warned of the request for default as a sanction for noncompliance, yet the Debtor never did fully comply with the discovery orders. So, for the Debtor's wilful refusal to comply with discover, the Court granted Plaintiff its relief and defaulted the Debtor, as was requested. The Court did not consider a lesser sanction at that time. The Court granted Plaintiff the relief it requested, which seemed appropriate under the circumstances. If the production of the requested discovery would have proved Plaintiff's case and Defendant withheld same and never provided the discovery, then Plaintiff would have been deprived of the ability to prove its case in court. A monetary or other sanction in such an instance would have been a bargain for the Defendant – pay the sanction and prevent Plaintiff's victory. If such tactics are permitted, then the word will go out that, rather than allow a plaintiff a day in court, a plaintiff's claim may be defeated by purchasing the defeat through payment of a sanction. Plaintiff did not request a monetary sanction. Perhaps Plaintiff felt that a monetary sanction would not solve the problem. In any event, the lesser sanction of a monetary award to Plaintiff was not contemplated by the Court.

Upon review of the parties' submissions and after further reflection, the Court doubts that a lesser sanction than default, namely a monetary sanction, would have been appropriate under the circumstances. However, taking heed of the words of the learned District Judge, the default and default final judgment will be vacated and a monetary sanction imposed only in the amount the Plaintiff has been required to expend in pursuit of its discovery to date, conditioned upon the Debtor adequately reimbursing the Plaintiff for the inordinate amount of time it expended in seeking to

compel the Debtor to comply with discovery. If the Debtor is unable or unwilling to pay the monetary sanction, then this Court must conclude that no lesser sanction than default is appropriate.

The Court is not persuaded by the Debtor's argument that his "notice of compliance" with discovery orders nullifies an award of sanctions to Plaintiff. At the time they were imposed, sanctions were warranted for the Debtor's willful disregard of Court orders, and Debtor's subsequent mere filing of the "notice of compliance" – without establishing that he had complied – does not change that fact or ameliorate the situation. The question before the Court on remand is not whether sanctions were warranted in the first place, but rather whether lesser sanctions would have been more appropriate, before imposing the harsh sanction of default. As previously stated herein, the Court will modify the original sanction, as indicated herein, to a lesser sanction to allow the Debtor to comply with the orders compelling discovery and then have a day in court.

As discussed at the hearing, the Court has the authority to impose monetary sanctions to compensate Plaintiff's counsel for his efforts in having to compel discovery, while at the same time affording the Debtor an opportunity to be heard on the merits. The Court does not, however, believe the Plaintiff is entitled to attorneys fees for that portion of the Debtor's appeal on which the Debtor may be considered successful. The Court has reviewed the record and considered the affidavit, which includes fees for the appeal, and finds that a sanction in the form of an attorneys fee award to the Plaintiff in the amount of $20,000.00 for seeking to compel discovery and $5,000.00 for the portion of the appeal on which the Plaintiff prevailed for a total sanction of $25,000.00, is appropriate.

It is hereupon

**ORDERED AND ADJUDGED** as follows:

1.      The Plaintiff's *Motion to Amend Final Judgment of Non-Dischargeability and Supporting*

    *Memorandum of Law* is ABATED for thirty (30) days from the date of entry of this order to allow the Debtor to pay the monetary sanction ordered herein and to completely comply with the orders compelling discovery.

2. Within thirty (30) days from the date of this order, Debtor Tomas Manrique may pay sanctions in the amount of $25,000.00 to the Plaintiff for Debtor's willful disregard of court orders and failure to comply with discovery and shall thereupon file a notice of compliance with this order.

3. Upon the payment in full of the sanctions imposed in paragraph 2 of this order, and upon the filing of the notice of compliance, the final judgment of non-dischargeability against Tomas Manrique entered July 8, 2005 (CP 45) will be vacated and the trial of this cause will be reset on a date after the Debtor has fully complied with the orders compelling discovery.

4. If the Debtor does not pay the sanctions ordered in paragraph 2 of this order, and no notice of compliance is timely filed, then the Court concludes that the lesser sanction [in the form of payment of Plaintiff's attorneys fees] is obviously inadequate to redress the harm and prejudice inflicted by the Debtor for his willful disregard of court orders and failure to comply with discovery; and, accordingly, under those circumstances, the default final judgment against Tomas Manrique will remain in force and effect.

# # #

Copies furnished to:

Raymond Robinson, Esq.
Paul Orshan, Esq.
Debtor